IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETHZAIDA CINTRON-LORENZO,

    Plaintiff,

    v.

FONDO DEL SEGURO DEL ESTADO, et al.,

    Defendants.

CIVIL NO. 07-1616 (ADC/CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Bethzaida Cintrón Lorenzo (hereafter "Cintrón-Lorenzo") filed this federal action against all defendants, for declaratory relief and money damages under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*.; 42 U.S.C. §1983, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 *et seq*.; and Article 1802 of the Puerto Rico Civil Code. Succinctly, on August 16, 2002, plaintiff Cintrón-Lorenzo began working as Legal Advisor IV for the State Insurance Fund and co-defendant Orlando Aldebol-Borrero (hereafter "Aldebol-Borrero"), as then Regional Director of SIF Aguadilla region, was in charge of the administrative part of the legal division and was her supervisor. Plaintiff Cintrón-Lorenzo alleges in the complaint sexual harassment at the work place by co-defendant Aldebol-Borrero.

On February 23, 2009, co-defendants the Commonwealth of Puerto Rico and Aldebol-Borrero filed a Motion for Judgment on the Pleadings alleging plaintiff Cintrón-Lorenzo has failed to present a claim against above co-defendants under state Law No. 100, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 *et seq*.. 23, 2009. (Docket No. 25).

Plaintiff Cintrón-Lorenzo submitted an opposition to these defendants' request for judgment on the pleadings objecting dismissal as to co-defendant Aldebol-Borrero on grounds that Law No. 100, as construed by this Court and by the Puerto Rico Supreme

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC/CVR)
Opinion and Order
Page No. 2

Court, allows for individual liability as to said co-defendant Aldebol-Borrero. However, plaintiff stated having no objection to the request as to the Commonwealth of Puerto Rico.[1]

Since plaintiff does not object to dismissal of Law No. 100 as to co-defendant the Commonwealth of Puerto Rico, the claim is dismissed and judgment on the pleadings as to the Commonwealth of Puerto Rico on Law No. 100 claim is **GRANTED**.

Thus, we only discuss herein below the motion for the judgment on the pleadings as to co-defendant Albedol-Borrero.

## LEGAL DISCUSSION

**A.  Standard for Judgment on the Pleadings.**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss. *See* Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

A judgment on the pleadings will issue upon a timely motion if the non-movant's factual allegations 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. " Id. (*quoting* Bell Atlantic v. Twombly, 550 U.S. –, 127 S.Ct. 1955, 1965 (2007). This inquiry extends only to the pleadings. We read the facts in the light most favorable to the non-movant, granting all reasonable inferences in its favor. *See* Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007); Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004); *see also* Estate of Bennett v. Wainwright, 548 F.3d 155 (1st Cir. 2008) (claim therefore fails because the plaintiff has not met its pleading requirement of identifying the deprivation of a recognized life, liberty, or property interest that is cognizable under the Fourteenth Amendment).

---

[1] The parties' consent to proceed before this Magistrate Judge was approved on April 2, 2009 (Docket No. 35).

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC/CVR)
Opinion and Order
Page No. 3

  Because a motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, involves some assessment of the merits, a Court of Appeals views the facts contained in the pleadings in the light most favorable to the party opposing the motion and draws all reasonable inferences in the plaintiff's favor. Rule 12(c) motion implicates the pleadings as a whole. *See* Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 55 (1st Cir. 2006); 44 R.G. Fin. Corp. v. Vergara-Núñez 446 F.3d 178, 182 (1st Cir. 2006). The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice. R.G. Fin., 446 F.3d at 182.

  In reviewing a motion under Rule 12(c), as in reviewing a Rule 12(b)(6) motion, we may consider documents the authenticity of which are not disputed by the parties; … documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint. *See* Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993) (under Rule 12(b)(6)). This is true even when the documents are incorporated into the movant's pleadings. Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir.1998) ("When, as now, a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it …. (citing Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988)); *see also* Dirrane v. Brookline Police Dept., 315 F.3d 65, 69 n. 2 (1st Cir.2002); Curranv. Cousins, 509 F.3d 36 (1st Cir. 2007).

  Plaintiff Cintrón-Lorenzo avers in the complaint that co-defendant Aldebol-Borrero was her supervisor to whom she reported in the administration part of the legal division where plaintiff worked as a Legal Advisor with the SIF. The actions that were considered harassment initiated since plaintiff's informal interview, upon Aldebol-Borrero asking plaintiff Cintrón-Lorenzo if she would go out with him and if she would tell someone about it before being hired to the position. Co-defendant Aldebol-Borrero complimented plaintiff

in regard to her lips and eyes, telling her she was an elegant and pretty woman, which made her feel very uncomfortable. *Complaint ¶9.* Co-defendant Aldebol-Borrero continuously asked plaintiff if she had a boyfriend, if she was single, and if she was living alone. *Id. ¶10.* Prior to a formal interview, co-defendant Aldebol-Borrero, upon meeting with plaintiff Cintrón-Lorenzo in the lobby area of the SIF, stated he admired plaintiff's beautiful legs. *Id. ¶11.*

After plaintiff Cintrón-Lorenzo started to work at the SIF co-defendant Aldebol-Borrero asked plaintiff Cintrón-Lorenzo on repeated occasions to go out with him although he was a married man. The conduct complained as sexual harassment worsened after plaintiff Cintrón-Lorenzo rejected co-defendant Aldebol-Borrero and said no to his advances. *Complaint ¶14.* Co-defendant Aldebol-Borrero threatened to dismiss plaintiff and indicated she would fail her probationary period. *Id. ¶15.*

The complaint further states that, after being rejected, co-defendant Aldebol-Borrero began calling plaintiff Cintrón-Lorenzo in an obscene way, making fun of the way she spoke and calling her "limited", insisting she had to change her attitude and not knowing how plaintiff had become an attorney. *Id. ¶17.* As to the working conditions, plaintiff Cintrón-Lorenzo states Aldebol-Borrero, who held a supervisory position as to plaintiff, made work conditions very harsh by not assigning assistance personnel to her division although it was necessary, assigned plaintiff work duties that were not part of her official duties and forcing plaintiff to transcribe administrative decisions as if she were a secretary. *Id. ¶18.*

Co-defendant Aldebol-Borrero suggested to plaintiff to dress more provocatively, wear make up and learn to have more fun. *Complaint ¶19.* Co-defendant Albedol-Borrero would constantly insult plaintiff Cintrón-Lorenzo in front of other employees, which is attributed to her rejection of sexual insinuations. He did not allow plaintiff Cintrón-Borrero to assist to any training required by the agency so as to avoid approval of her probationary period. *Id. ¶¶ 19-21.* After meetings were held on plaintiff's complaints of sexual and labor

harassment, the conduct by co-defendant Aldebol-Borrero continued. He evaluated plaintiff Cintrón-Lorenzo as a less than average employee as reprisal and eliminated functions of plaintiff's position. *Id. ¶¶ 23-27*. It is also claimed co-defendant Aldebol-Borrero, in attempting to fire plaintiff Cintrón-Lorenzo, established false testimony and false administrative complaints with the Union as to plaintiff. *Id.¶ 28*. As a result of this co-defendant's actions, as well as other co-defendants' lack of action on plaintiff's complaints of harassment, plaintiff Cintrón-Lorenzo claims she has not been able to advance in her work area, has been made ineligible for a permanent position at the SIF and has not been reclassified in her position. *Id. ¶32*.

Thus, under the standard to examine the judgment on the pleadings motion filed by co-defendant Aldebol-Borrero, the facts contained in the pleadings are to be considered in the light most favorable to the party opposing the motion, that is plaintiff Cintrón-Lorenzo, and to draw all reasonable inferences in the plaintiff's favor, as in a Rule 12(c) motion which implicates the pleadings as a whole.

**B. Individual liability under Puerto Rico Law No. 100**.

In the Motion for Judgment on the Pleadings, co-defendant Aldebol-Borrero denies a cause of action based on arguments of lack of individual liability under Puerto Rico Law No. 100, for which any claims by plaintiff Cintrón-Lorenzo against him in his individual and personal capacity should be dismissed.

Puerto Rico's Law 100 seeks to prevent discrimination in the workplace by reason of age, race, color, religion, sex, social or national origin or social condition. *See* 29 P.R. Laws Ann. §146. Law No. 100 only applies to any employer. The term employer is defined as:

> any natural or artificial person employing laborers, workers or employees, and the chief, official manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all

such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises.

The Supreme Court of Puerto Rico has expressly considered the question on supervisor liability under Law No. 100. Specifically, in Rosario Toledo v. Distribuidora Kikuet, 151 D.P.R. 634 (2000), the Supreme Court of Puerto Rico held that, different from the most popular interpretation of Title VII, Puerto Rico's law against discrimination in the workplace, Law No. 100, does provide for the imposition of supervisor liability on the president of a corporation when he is the supervisor of the plaintiff, and is **personally responsible** for causing the plaintiff's injury for acts of sexual harassment. The Court's holding, in fact, was later extended, via reconsideration, to include not only the actual employer, or the owner and the president of the corporation, but also any other person responsible for the illegal conduct, without any distinction. *See* Rosario-Toledo v. Distribuidora Kikuet, Inc., 153 D.P.R. 125 (2001); Pacheco Bonilla v. Tooling & Stamping, Inc., 281 F. Supp.2d 336 (D. Puerto Rico 2003).[2]

Co-defendant Albedol-Borrero contends that he should not be subject to liability under Law 100 in his personal capacity inasmuch as Law 100 operates against employers, a label that does not fit the appearing individual-capacity co-defendant, submitting there is no cause of action and judgment on the pleadings as to Law No. 100 should follow. The above discussed, however, demonstrates that under Law No. 100 individual employers or supervisors may be held personally liable.[3] Therefore, given the Puerto Rico Supreme

---

[2] Puerto Rico's Law No. 100 does not apply to municipalities, or to municipal officials when they are sued in their official capacities. *See* Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486. 509-510 (1990) (A "municipality" does not operate for profit, as do private businesses, but for public service purposes. Consequently, Act No. 100 does not apply to municipalities); Marín-Piazza v. Aponte-Roque, 873 F.2d 432, 436 (1st Cir. 1989); Rodríguez Sostre v. Municipio de Canóvanas, 203 F. Supp. 2d 118, 119 (D.P.R. 2002); Gómez-Vázquez v. Díaz-Colón, 91 F. Supp. 2d 481 (D.P.R. 2000)(Law No. 100 simply does not apply to municipalities). The same is true with respect to the Consortiums, since they do not operate as private businesses or for profit, but to administrate employment and training programs.

[3] Rosado Sostre v. Turabo Testing, Inc.. 364 F.Supp.2d 144 (D. Puerto Rico 2005) (while the First Circuit has not yet decided issue of individual liability under Title VII, individual employers or supervisors may be held personally liable under Puerto Rico Law No. 100); Miró-Martínez v. Blanco Vélez Store Inc., 393 F.Supp.2d 208 (D. Puerto Rico 2005) (when the defendant is the direct cause of sexual harassment conduct, Puerto Rico laws against discrimination in

Court's clear determination on this issue, co-defendant Aldebol-Borrero's request for judgment on the pleadings as to plaintiff's Law No. 100 cause of action is hereby **DENIED**.

## CONCLUSION

In view of the foregoing, the Motion for Judgment of the Pleadings by co-defendants the Commonwealth of Puerto Rico and Orlando Aldebol-Borrero (Docket No. 25) is **GRANTED IN PART and DENIED IN PART**, as follows, **GRANTED** as to co-defendant the Commonwealth of Puerto Rico and **DENIED** as to co-defendant Orlando Aldebol-Borrero.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of May of 2009.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**

---

the workplace, Law No. 100, may provide for imposition of liability on individual employers or supervisors); Vargas v. Fuller, 336 F.Supp.2d 134 (D. Puerto Rico 2004) (individual defendants who are supervisors and whose own actions of sexual harassment violate plaintiff's rights are indeed liable under Law No. 100, as well as Laws 69 and 17).