IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETHZAIDA CINTRON-LORENZO,

    Plaintiff,

    v.                      **CIVIL NO. 07-1616 (ADC-CVR)**

FONDO DEL SEGURO DEL ESTADO, et al.,

    Defendants.

## OPINION AND ORDER

## INTRODUCTION

On August 16, 2002, plaintiff Bethzaida Cintrón-Lorenzo's (hereafter "Cintrón-Lorenzo") began working as Legal Advisor IV for the State Insurance Fund (hereafter "SIF") and co-defendant Orlando Aldebol Borrero (hereafter "Aldebol-Borrero"), as then Regional Director of SIF, Aguadilla region, was in charge of the administrative part of the legal division and was her supervisor.

Plaintiff Cintrón-Lorenzo filed the instant complaint alleging sexual harassment in the workplace by co-defendant Aldebol-Borrero. Plaintiff Cintrón-Lorenzo's claims were for  for declaratory relief and money damages under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*.; 42 U.S.C. §1983, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 *et seq*.; and Article 1802 of the Puerto Rico Civil Code.

On September 4, 2009, co-defendant Aldebol-Borrero filed a Second Motion for Judgment on the Pleadings[1] alleging plaintiff Cintrón-Lorenzo's claims under Title 42, United States Code, Section 1983, for civil rights violation, as well as under state Law 100, are time-barred.  (Docket No. 55).

Plaintiff Cintrón-Lorenzo's opposition to the second motion for judgment on the pleadings indicates that, upon filing of administrative charges under the Equal Employment

---

[1] On April 2, 2009, the parties' consent to proceed before this Magistrate Judge was approved. (Docket No. 35).

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 2

Opportunity statutes, the limitation period was tolled and began to run anew, for which there is no merit to the claim the above actions are time-barred. (Docket No. 66).

## STANDARD FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss. *See* Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26,  29 (1st Cir. 2008).

Hence, such judgment on the pleadings will issue upon a timely motion if the non-movant's factual allegations  'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. " Id. (*quoting* Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). This inquiry extends only to the pleadings.  We read the facts in the light most favorable to the non-movant, granting all reasonable inferences in its favor. *See* Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007); Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004); *see also* Estate of Bennett v. Wainwright, 548 F.3d 155 (1st Cir. 2008) (claim therefore fails because the plaintiff has not met its pleading requirement of identifying the deprivation of a recognized life, liberty, or property interest that is cognizable under the Fourteenth Amendment).

Because a motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, involves some assessment of the merits, a Court of Appeals views the facts contained in the pleadings in the light most favorable to the party opposing the motion and draws all reasonable inferences in the plaintiff's favor. Rule 12(c) motion implicates the pleadings as a whole. *See* Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 55 (1st Cir. 2006); 44 R.G. Fin. Corp. v. Vergara-Núñez 446 F.3d 178, 182 (1st Cir. 2006). The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice. R.G. Fin. Corp., 446 F.3d at 182.

<u>Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al</u>
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 3

In reviewing a motion under Rule 12(c), as in reviewing a Rule 12(b)(6) motion, we may consider documents the authenticity of which are not disputed by the parties; ... documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint. *See* <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993) (under Rule 12(b)(6)). This is true even when the documents are incorporated into the movant's pleadings. <u>Beddall v. State Street Bank and Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it .... (citing <u>Fudge v. Penthouse Int'l, Ltd.</u>, 840 F.2d 1012, 1015 (1st Cir. 1988)); *see also* <u>Dirrane v. Brookline Police Dept.</u>, 315 F.3d 65, 69 n. 2 (1st Cir. 2002); <u>Curranv. Cousins</u>, 509 F.3d 36 (1st Cir. 2007).

## LEGAL DISCUSSION

**A.      Section 1983 Civil Rights Claims.**

Co-defendant Aldebol-Borrero submits plaintiff Cintrón-Lorenzo filed an initial federal case on August 13, 2004, which was voluntarily dismissed on August 30, 2006, wherein she  claimed sexual harassment and discrimination against defendants, without mentioning any Section 1983 claim.[2] Co-defendant Aldebol-Borrero alleges that plaintiff's claims of sexual harassment refer to a last date of 2003 when Cintrón-Lorenzo filed her administrative claim with EEOC.  The complaint herein was filed on July 10, 2007.  Since the civil rights claim under Section 1983 and state torts under Article 1802, as further discussed below, have a one-year statute of limitation, defendant Aldebol-Borrero is requesting in the motion for judgment of the pleadings that said claims be dismissed for being time-barred.

---

[2]   The Amended Complaint filed on March 17, 2005 did not mention either Section 1983. *Defendant's motion Judgment on the Pleadings ¶5.*

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 4

Plaintiff Cintrón-Lorenzo's opposition states the complaint made reference in the previous action to state law under 29 L.P.R.A. Sec. 146 and 31 L.P.R.A. Sec. 5141, thereby requesting compensatory damages for the sexual harassment and sex discrimination claims against defendants. The catalogue of laws under which plaintiff sought initial relief also included 29 L.P.R.A. Sec. 155.  Furthermore, plaintiff seems to state the mere filing of administrative charges causes a tolling and any limitation period starts to run anew.

The Court of Appeals for the First Circuit has stated that plaintiffs' administrative appeal did not toll the one-year prescription period as to action of dismissal from employment due to discrimination. The district court therein found that the tolling statute would not apply to plaintiffs because the administrative action did not request identical relief to the judicial action. *See* Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404 (1ˢᵗ Cir. 1990); *see also* Rafael Rivera-Fernández v. Chardón, 681 F.2d 42, 49 (1ˢᵗ Cir. 1982), *aff'd sub nom.* Chardón v. Fumero Soto, 462 U.S. 650, 653, 103 S.Ct. 2611, 26144 (1983); Hernández del Valle v. Santa Aponte, 575 F.2d 321 (1ˢᵗ Cir. 1978); Ramírez de Arellano v. Alvarez de Choudens, 575 F.2d 315 (1ˢᵗ Cir. 1978).

While the accrual period for a Section 1983 action is governed by federal law, tolling is governed by state law. Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790 (1980). The Supreme Court has also determined the statute of limitations applicable to tort actions for personal injuries governs Section 1983 claims.  Wilson v. García, 471 U.S. 261, 276-80, 105 s.Ct. 1938, 1947-49 (1985).  Nevertheless, under Puerto Rico law, extrajudicial claims and prior judicial claims may toll the one-year statute of limitations.[3]

---

[3] Prescription of actions is interrupted by their institution before the courts, by extrajudicial claims of the creditor, and by any act or acknowledgment of the debt by the debtor. Art. 1873 of the Civil Code of Puerto Rico, 31 L.P.R.A. Sec. 5303.

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 5

However, for tolling to be effective the extrajudicial claim must claim the same relief later requested in the federal suit. The statute of limitations for a Section 1983 claim is not tolled if the remedy requested in both suits is different. *See* Altair Corp. v. Pesquera de Busquets, 769 F.2d 30, 32 (1st Cir. 1985); Ramírez de Arellano v. Alvarez de Choudens, 575 F.2d at 319; Graffals González v. García Santiago, 550 F.2d 687 (1st Cir. 1977).

Turning to this case, we note that nowhere in plaintiff Cintrón-Lorenzo's opposition as to tolling is a copy of the administrative claim nor any argument that a civil rights violation was ever filed, solely that compensatory damages were stated against defendants under different statutes in the previous complaint.  Thus, the civil rights claims under Section 1983 were never previously established since plaintiff Cintrón-Lorenzo never mentioned nor placed defendants on notice either in the administrative complaint or in the original federal complaint or amended complaint therein that a federal constitutional violation constituted the substantive basis for her claims.[4]

General claims for compensation on various state grounds as averred by plaintiff do not amount to federal protected rights being violated. Other Puerto Rico tolling statutes would not rescue a civil rights violation when plaintiff has not sought the same form of relief, the causes of actions asserted are not based on the same substantive claims nor are defendants sued in the same capacities.  Santana Castro v. Toledo Dávila, 579 F.3d 109 (1st Cir. 2009).  Hence, tolling is effective with regard only to identical causes of action not as

---

[4]  Section 1983 is not itself a source of substantive rights but a method for vindicating federal rights elsewhere conferred by the United States Constitution and federal statutes. Rodríguez-García v. Municipality of Caguas, 354 F.3d 91 (1st Cir. 2004).

Case 3:07-cv-01616-ADC   Document 78   Filed 11/04/09   Page 6 of 8

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 6

to all claims that arise out of the same facts. <u>Rodríguez Narvaez v. Nazario</u>, 895 F.2d 38 (1st Cir. 1990); <u>Ramírez de Arellano v. Alvarez de Choudens</u>, 575 F.2d at 319-20; <u>Rivera Fernández v. Chardón</u>, 681 F.2d at 49.

Plaintiff Cintrón-Lorenzo's opposition as to tolling of Section 1983 was limited to arguments of having requested compensatory damages premised on different causes of action and not as to any civil rights violation. A perusal of the previous claims does not reveal any phrase alluding to a constitutional violation or right.[5] Therefore, since different forms of relief were sought in the extrajudicial claim at the administrative level and at the federal court in the instant suit, tolling is not effective. Accordingly, defendant Aldedol-Borrero's request for dismissal of Section 1983 claims is well taken and plaintiff Cintrón-Lorenzo's Section 1983 claims against him are considered time-barred.

**B. Claims under State Law No. 100.**[6]

Co-defendant Aldebol-Borrero also argues that plaintiff's claims under Law No. 100 are time-barred. However, a perusal of the original complaint and the amended complaint in Civil No. 04-1842 reveals such claims were included, as the amended complaint refers to Sections 146 and 155 *et seq.* The claims filed by plaintiff Cintrón-Lorenzo in the previous federal complaint and the amended complaint were limited to particular provisions of state

---

[5]  The original complaint referred to claims under 28 U.S.C. §1343, a civil action arising under 42 U.S.C. sec. 2000, et seq., and supplemental jurisdiction under 28 U.S.C. 1367 and state law claims under sections 146 of title 29 and section 5141 of title 31 of the Laws of Puerto Rico Annotated. *Plaintiff's Exhibit 1, Complaint dated 8-13-2004.*
      The amended complaint stated 28 U.S.C. §1343, a civil action arising under 42 U.S.C. sec. 2000(e) et seq., supplemental jurisdiction over civil action pursuant to 28 U.S.C. 1367 over state law claims under sections 146, 155 et seq., and 1551 of title 29, and section 5141 of title 31 of the Laws of Puerto Rico Annotated. Id. Exhibit 2.

[6]  Plaintiff Cintrón-Lorenzo's opposition makes reference to Law No. 100, disregarding, reference probably by mistake as to Law No. 17 included in the original complaint, that is, 29 P.R.Laws Ann. §155.

law employment discrimination under sections 146 of title 29 (Puerto Rico employment discrimination act, Law No. 100), section 5141 of title 31 of the Laws of Puerto Rico Annotated (state general tort act), and Section 155, also known as Law No. 17 (prohibiting sexual harassment in employment).

Under Puerto Rico law, Law No. 100, as would be under Law No. 17, must also be brought up within one year.  29 P.R. Laws Ann. §155m.  Similar to Valentín Almeyda v. Municipality of Aguadilla, 447 F.3d 85 (1st Cir. 2006),[7] herein plaintiff Cintrón-Lorenzo has also claimed a pattern of discrimination which constituted a hostile work environment and ensuing retaliation. Additionally, plaintiff has claimed a right to compensatory damages because of harassment and discrimination, within the same framework as the summary of the administrative claim submitted in plaintiff's opposition to judgment on the pleadings and as appears in Civil 04-1842.

In a similar vein, in León-Nogueras v. University of Puerto Rico,   964 F.Supp. at 588, in allowing tolling as to statute of limitation for claims under Title VII and Law No. 100, this District Court assumed the Puerto Rico Supreme Court would hold similarly as to Law No. 17.  964 F.Supp. at 588 and found the claim to have been tolled.

Accordingly, we find the claims under Law No. 100  are considered tolled and not time-barred.

---

[7] Valentín Almeyda, 447 F.3d at 102,  n. 20 states that the filing of an administrative complaint before either the Puerto Rico Labor Department or the EEOC would have been sufficient to toll the Law No. 17 statute of limitations as would be under Puerto Rico Law No. 100.

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 8

## CONCLUSION

In view of the foregoing, the motion for judgment of the pleadings by co-defendant Aldebol-Borrero (Docket No. 55) is GRANTED IN PART and DENIED IN PART as follows:

- Dismissal of Section 1983 is **GRANTED** and civil rights claims under Section 1983 against Aldebol-Borrero are dismissed for being time-barred.

-Request for dismissal of claims under Law No. 100 is **DENIED**.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of November of 2009.

                    s/**CAMILLE L. VELEZ-RIVE**
                    **CAMILLE L. VELEZ-RIVE**
                    **UNITED STATES MAGISTRATE JUDGE**