IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETHZAIDA CINTRON-LORENZO,

    Plaintiff,

    v.

FONDO DEL SEGURO DEL ESTADO, et al.,

    Defendants.

**CIVIL NO. 07-1616 (ADC-CVR)**

## OPINION AND ORDER

## INTRODUCTION

Plaintiff Bethzaida Cintrón-Lorenzo (hereafter "Cintrón-Lorenzo") initially filed this federal action against several defendants, including co-defendant SIF, for declaratory relief and money damages under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*.; 42 U.S.C. §1983, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 *et seq*.; and Article 1802 of the Puerto Rico Civil Code. On August 16, 2002, plaintiff Cintrón-Lorenzo began working as Legal Advisor IV for the SIF and she claims she was subject to sexual harassment by her supervisor, sex discrimination in the work place and a hostile work environment.

On September 4, 2009, co-defendant SIF filed a Motion for Summary Judgment alleging plaintiff's claims under Section 1983 for equal protection and under state Law No. 100 against the SIF are time barred.[1] (Docket No. 56).

Plaintiff Cintrón-Lorenzo filed a joint opposition to co-defendant Orlando Aldebol-Borrero's judgment on the pleadings and to the SIF's motion for summary judgment. (Docket No. 66).

---

[1] Co-defendant Aldebol-Borrero's motion for judgment on the pleadings as to Section 1983 being time barred has been disposed by separate Opinion and Order and the cause of action was therein dismissed. The request to dismiss the causes of action as to State Law No. 100 was denied. (Docket No. 78 ). Supplemental jurisdiction of pendent state claims is herein discussed.

The parties' consent to proceed before this Magistrate Judge was approved on April 2, 2009. (Docket No. 35). Thus, we now dispose of the issues raised by the SIF in its dispositive motion.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact,

"[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

## LEGAL DISCUSSION

Co-defendant SIF submits the only remaining causes of action as to plaintiff Cintrón-Lorenzo claims are section 1983 against said co-defendant for equal protection and state Law No. 100.[2] The request is to dismiss the section 1983 claims as time barred and for having no material fact to demonstrate a claim thereunder as to the Director of the SIF. The SIF claims plaintiff Cintrón-Lorenzo did not suffer an adverse employment action. Thus, dismissal of the Law No. 100 claim is requested for lack of a *prima facie* case.

**A.    Section 1983 Civil Rights Claims.**

Co-defendant SIF submits plaintiff Cintrón-Lorenzo section 1983 is time barred for having been filed after the one (1) year limitation period for personal injury actions. In addition, the SIF claims the filing of the EEOC administrative claims on July 3, 2003, cannot serve to toll the limitations period for a Section 1983 constitutional rights violation claim. Even if the limitations period would be considered tolled, the initial federal case (Civil No. 04-1842) was filed on August 13, 2004, was voluntarily dismissed on August 30, 2006, and plaintiff Cintrón-Lorenzo only claimed sexual harassment and discrimination against defendants. Thus, there was no mention in the initial federal case to any Section 1983 claim.[3]

---

[2] In previous motions to dismiss, the Court dismissed plaintiff Cintrón-Lorenzo's Title VII claims against defendants; section 1983 claims against the Commonwealth of Puerto Rico; due process claim brought under section 1983 against defendants; request for punitive damages under section 1981 and under Article 1802 against the Commonwealth. In a judgment on the pleadings motion of co-defendant Aldebol-Borrero, the section 1983 was dismissed for being time barred and the Law No. 100 claim remained.

[3] The Amended Complaint filed on March 17, 2005 did not mention Section 1983 either. *Defendant's motion Judgment on the Pleadings ¶5.*

Co-defendant SIF thereafter filed a reply to plaintiff Cintrón-Lorenzo's opposition indicating plaintiff had not properly opposed the statement of material facts proposed by said co-defendant and failed to make any proper reference to the record or attachments. (Docket No. 74).[4]

Still, opposed or not, summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see* Fed.R.Civ.P. 56(e).*See* Carmona v. Toledo, 215 F.3d 124, 134 (1st Cir. 2000) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered"); Méndez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990).

The omission by plaintiff Cintrón-Lorenzo to properly oppose the summary judgment would not affect the determination contained herein inasmuch as it is clearly established by the record in this case that Section 1983 claims are time-barred and, thus, subject to summary disposition. We shall discuss.

Plaintiff Cintrón-Lorenzo's general opposition to both judgment on the pleadings and for summary judgment at Docket No. 66 states the defendants have claimed no section 1983 had been mentioned previously in the federal complaint. Plaintiff Cintrón-Lorenzo indicates that the previous federal action included claims under state law 29 L.P.R.A. Sec. 146 (Law No. 100) and under 31 L.P.R.A. Sec. 5141, requesting compensatory damages for the sexual harassment and sex discrimination claims against defendants. The catalogue of laws under which plaintiff sought relief also included 29 L.P.R.A. Sec. 155 (Law No. 17).

---

[4] Plaintiff Cintrón-Lorenzo proceeded to file a reply with the corresponding statement of material facts at Docket No. 67, as to which co-defendant SIF filed a response at Docket Nos. 75, 76. These have no bearing as to Section 1983 and will be addressed as to Law No. 100.

Furthermore, plaintiff Cintrón-Lorenzo seems to state the mere filing of administrative charges with the EEOC causes any limitation period –including a Section 1983– to be tolled and run anew.

Plaintiff Cintrón-Lorenzo is partially correct in stating she was required to employ certain administrative procedures before proceeding with her employment anti-discrimination claim. Said filing served plaintiff to perfect administrative claims and may have also tolled the time for suing on the claim under Puerto Rico's anti-discrimination law. *See* González Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313 (1st Cir. 2009)(relatives' derivative claim under state tort Art.1802 not tolled by main plaintiff's filing with the EEOC*); see also* Rodríguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 61 (1st Cir.2005); Mercado-García v. Ponce Fed. Bank, 979 F.2d 890, 895-96 (1st Cir.1992); *see also* P.R. Laws Ann. tit. 29, § 150; Matos Molero v. Roche Prods., Inc., 132 P.R. Dec. 470, 486 (1993).

Still, the Court of Appeals for the First Circuit has stated that plaintiffs' administrative appeal did not toll the one-year prescription period as to action of dismissal from employment due to discrimination. The district court therein found that the tolling statute would not apply to plaintiffs because the administrative action did not request identical relief to the judicial action. *See* Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404 (1st Cir. 1990); *see also* Rafael Rivera-Fernández v. Chardón, 681 F.2d 42, 49 (1st Cir. 1982), *aff'd sub nom*. Chardón v. Fumero Soto, 462 U.S. 650, 653, 103 S.Ct. 2611, 26144 (1983); Hernández del Valle v. Santa Aponte, 575 F.2d 321 (1st Cir. 1978); Ramírez de Arellano v. Alvarez de Choudens, 575 F.2d 315 (1st Cir. 1978).

While the accrual period for a Section 1983 action is governed by federal law, tolling is governed by state law. *See* Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790

(1980). The Supreme Court has also determined the statute of limitations applicable to tort actions for personal injuries governs Section 1983 claims. Wilson v. García, 471 U.S. 261, 276-80, 105 s.Ct. 1938, 1947-49 (1985). Nevertheless, under Puerto Rico law, extrajudicial claims and prior judicial claims may toll the one-year statute of limitations.[5]

However, for tolling to be effective, the extrajudicial claim must claim the same relief later requested in the federal suit. The statute of limitations for a Section 1983 claim is not tolled if the remedy requested in both suits is different. *See* Altair Corp. v. Pesquera de Busquets, 769 F.2d 30, 32 (1st Cir. 1985); Alvarez de Choudens, 575 F.2d at 319; Graffals González v. García Santiago, 550 F.2d 687 (1st Cir. 1977).

As similarly discussed in the Opinion and Order on the judgment of the pleadings filed by co-defendant Aldebol-Borrero, plaintiff Cintrón-Lorenzo's opposition as to tolling does not refer to the administrative claim or argument that a civil rights violation was ever filed, solely that compensatory damages were stated against defendants under different statutes in the previous complaint. Thus, the civil rights claims under Section 1983 were never previously established since plaintiff Cintrón-Lorenzo never mentioned nor placed defendants on notice either in the administrative complaint[6] nor in the original federal

---

[5] Prescription of actions is interrupted by their institution before the courts, by extrajudicial claims of the creditor, and by any act or acknowledgment of the debt by the debtor. Art. 1873 of the Civil Code of Puerto Rico, 31 L.P.R.A. Sec. 5303.

[6] Section 1983 does not require exhaustion of administrative remedies but reference in the administrative complaint might have notified defendants, similar to an extrajudicial claim, that plaintiff was asserting a constitutional violation.

complaint or amended complaint therein that a federal constitutional violation constituted the substantive basis for her claims.[7]

General claims for compensation on various state grounds as averred by plaintiff do not amount to federal protected rights being violated. Other Puerto Rico tolling statutes would not rescue a civil rights violation when plaintiff has not sought the same form of relief, the causes of actions asserted are not based on the same substantive claims nor are defendants sued in the same capacities. Santana Castro v. Toledo Davila, 579 F.3d 109 (1st Cir. 2009). Hence, tolling is effective with regard only to identical causes of action not as to all claims that arise out of the same facts. Rodríguez Narváez v. Nazario, 895 F.2d 38 (1st Cir. 1990); Ramírez de Arellano v. Alvarez de Choudens, 575 F.2d at 319-20; Fernández v. Chardón, 681 F.2d at 49.

Thus, plaintiff Cintrón-Lorenzo's opposition as to tolling of Section 1983 was limited to arguments of having requested compensatory damages premised on different causes of action and not as to any civil rights violation. A perusal of the previous claims do not reveal any phrase alluding to a constitutional violation or right.[8] Therefore, since different forms of relief were sought in the extrajudicial claim at the administrative level and at the federal court in the instant suit, tolling is not effective. Hence, since defendant SIF's request for

---

[7] Section 1983 is not itself a source of substantive rights but a method for vindicating federal rights elsewhere conferred by the United States Constitution and federal statutes. Rodríguez-García v. Municipality of Caguas, 354 F.3d 91 (1st Cir. 2004).

[8] The original complaint referred to claims under 28 U.S.C. §1343, a civil action arising under 42 U.S.C. sec. 2000, et seq., and supplemental jurisdiction under 28 U.S.C. 1367 and state law claims under sections 146 of title 29 and section 5141 of title 31 of the Laws of Puerto Rico Annotated. *Plaintiff's Exhibit 1, Complaint dated 8-13-2004.*
The amended complaint stated 28 U.S.C. §1343, a civil action arising under 42 U.S.C. sec. 2000(e) et seq., supplemental jurisdiction over civil action pursuant to 28 U.S.C. 1367 over state law claims under sections 146, 155 et seq., and 1551 of title 29, and section 5141 of title 31 of the Laws of Puerto Rico Annotated. Id. Exhibit 2.

summary judgment of Section 1983 for being time-barred is consonant with the facts and the law in the instant case, summary judgment in its favor is deemed appropriate.

**B.    Claims under State Law No. 100.**

Co-defendant SIF also submits summary judgment should be granted as to supplemental state Law No. 100. SIF claims Law No. 100 cause of action should be dismissed for plaintiff not having established a *prima facie* case of having suffered an adverse employment action or that the incidents of discrimination were sufficiently severe and pervasive to constitute a hostile work environment.

Co-defendant SIF argues that under Law No. 100 plaintiff bears the burden to establish that (1) she had suffered an adverse employment action; (2) the adverse employment action was not justified; and (3) some basic fact substantiating the type of discrimination alleged. The SIF states plaintiff Cintrón-Lorenzo did not suffer an adverse employment action since she has not been terminated from employment and indeed she was appointed as permanent employee on April 17, 2003. In addition, co-defendant SIF took prompt and effective response to plaintiff's internal complaint and had a policy against discrimination and harassment which plaintiff Cintrón-Lorenzo knew and availed herself by filing her sexual harassment internal complaint against co-defendant Aldebol-Borrero. The SIF's investigation of the facts determined lack of sufficient evidence to sustain

plaintiff's allegation. However, the SIF avers the alleged sexual conduct ended once plaintiff submitted her internal complaint. As such, co-defendant SIF succinctly submits entitlement to a Faragher/Ellerth defense.[9] (Docket No. 74).

Plaintiff Cintrón-Lorenzo included with her response to summary judgment filed by co-defendant SIF an itemized admission and/or denial of said co-defendant's statement of material facts, jointly with a separate statement of material facts referring to several attached exhibits. (*Docket No. 67 ¶¶1-25 and ¶¶1-15, respectively*). Deposition testimonies of several witnesses, including plaintiff Cintrón-Lorenzo were attached to this statement, although relevant pages referred to in these documents were not pointed out properly nor mentioned, choosing instead to make a narrative of its content in the motion filed.[10]

Furthermore, plaintiff Cintrón-Lorenzo is yet to file the corresponding translations into the English language of the attached documents in opposition to summary judgment, which were to be filed, after the requested extension of time was granted, by October 28, 2009. (Docket No. 69). No timely additional extension of time appears on record.[11]

---

[9] Fragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998) (when an employee has suffered no tangible job consequences as a result of a supervisor's action, employer may raise an affirmative defense to liability or damages by showing it exercised reasonable care to prevent and correct promptly any sexually harassing behavior and that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise).

[10] District courts are not required to ferret through sloppy records in search of evidence supporting a party's case. *See* Mercado-Alicea v. PR Tourism Company, 396 F3d 51, 46 (1st Cir. 2005); Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001)("[I]n his submission to the district court, plaintiff made only a general reference to [a witness's] testimony without pinpointing where in that 89-page deposition support for that reference could be found. This is precisely the situation that Local Rule 311.12 seeks to avoid.").

[11] Plaintiff's unartfully drafted response with statement of material facts has left for the Court the tasks to scrutinize the documents and determine the particularities referred as supporting plaintiff's opposition. However, in the absence of the corresponding translation into the English language, we will not be addressing the particular statements.

Plaintiff should take notice the submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court. United States v. Contreras Palacios, 492 F.3d 39, 43 n.7 (1st Cir. 2007). Regardless of not having before the Court the corresponding relevant document translated, summary disposition may not be appropriate even in the absence of a response and/or opposition unless it is the proper legal avenue.[12]

Still, the requested summary disposition of the pendent state claims need not be addressed on the merits if the Court determines, as we do herein below, not to exercise pendent state jurisdiction in this case in the absence of any federal cause of action, consonant with its discretionary authority not to entertain supplemental claims.[13]

## C.    State Pendent Claims.

Having disposed above and in the judgment on the pleadings of the remaining federal cause of action under Section 1983 against the SIF and co-defendant Albedol-Borrero, plaintiff Cintrón-Lorenzo's surviving claims in the instant action are solely supplemental state law governed by Law No. 100, 29 L.P.R.A. §146 and Article 1802, 31 L.P.R.A. §5141, against co-defendants Aldebol-Borrero, his wife and their conjugal partnership, as well as the SIF.

---

[12] Under 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." We have enforced the rule where the Spanish language document or matter is key to the outcome of the proceedings in the district court." *See* González-De-Blasini v. Family Department, 377 F.3d 81, 89 (1st Cir. 2004); United States v. Rivera-Rosario, 300 F.3d 1, 10 (1st Cir. 2002); Dávila v. Corporación de P.R. para la Difusión Pública, 498 F.3d 9, 13 (1st Cir. 2007). *See also* Estades-Negroni v. Assocs. Corp. of N. Am.,359 F.3d 1, 2 (1st Cir. 2004).

[13] Plaintiff may still resort to state court with the remaining claims that may be dismissed without prejudice.

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 11

      Pendent or supplemental jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966); Rodríguez v. Doral Mortgage, 57 F.3d 1168, 1175 (1st Cir. 1995).

      The exercise of pendent jurisdiction as to plaintiff's state claims are subject to the Court's discretionary power and this Court determines the parties are best suited if they litigate these remaining claims in state court.[14] Thus, supplemental state claims are hereby dismissed without prejudice.

## CONCLUSION

      In view of the foregoing, the motion for summary judgment by co-defendant SIF (Docket No. 56) is GRANTED IN PART and DENIED IN PART as follows:

-Dismissal of Section 1983 is GRANTED and civil rights claims under Section 1983 against the SIF are dismissed for being time-barred.

-Request for summary judgment of Law No. 100 is DENIED.

- No jurisdiction of the pendent state claims will be exercised; thus, all remaining state pendent claims against the SIF and co-defendant Albedol-Borrero are dismissed without prejudice.

---

[14] *See* United Mine Workers of Am. v. Gibbs, 383 U.S. at 726; Rodríguez v. Doral Mortgage Corp., 57 F.3d at 1177. *See also* Flowers v. Fiore, 359 F.3d 24, 28 (1st Cir. 2004).

Bethzaida Cintrón Lorenzo v. Fondo del Seguro del Estado, et al
Civil No. 07-1616 (ADC-CVR)
Opinion and Order
Page No. 12

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of November of 2009.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**